# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 9, 2002 Session

## STATE OF TENNESSEE v. WILLIAM DAVID MARKS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1524     Cheryl Blackburn, Judge**

---

**No. M2001-01497-CCA-R9-CO - Filed May 10, 2002**

---

The defendant brings this interlocutory appeal in which he challenges the prosecutor's denial of pretrial diversion for simple assault and the trial court's denial of his certiorari petition. We conclude the prosecutor properly considered the need for deterrence for domestic violence, the defendant's lack of remorse and failure to take responsibility for his actions, and the seriousness of the offense and its impact upon the victim. However, we conclude the prosecutor wrongfully considered certain factors relating to domestic violence cases that have no application to the circumstances of this case, and wrongfully considered the defendant's depression for which he takes prescription medication. Accordingly, we reverse the order of the trial court and remand this matter to the district attorney general for further consideration in accordance with this opinion.

**Tenn. R. App. P. 9 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Frank Lannom, Lebanon, Tennessee, for the appellant, William David Marks.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Tory) Johnson, III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

The defendant, William David Marks, was indicted for Class A misdemeanor assault for allegedly striking and kicking his ex-wife, Patsy Anderson. The following facts are summarized from the letter of denial of pretrial diversion by the assistant district attorney.

The defendant and Anderson spent a Saturday afternoon together. They shared two bottles of wine at a restaurant and then stopped at a liquor store, where they purchased two more bottles of wine. They drank this wine while en route to another restaurant. Anderson stated the defendant called her a "slut." According to Anderson, she requested the defendant take her home, and he drug her by her hair from his vehicle and began to hit and kick her. Anderson suffered physical injuries. Two passersby intervened on behalf of Anderson; the police were called. Police discovered two empty wine bottles in the defendant's vehicle. The officer noted defendant was highly intoxicated. The defendant was taken to the hospital because of his state of intoxication and diabetic condition.

The defendant indicated he had no recollection of any events that occurred after he and Anderson left the restaurant. He asserted a high blood sugar level caused by his diabetic condition affected his ability to think rationally.

The defendant applied for pretrial diversion. His application indicated the 50-year-old defendant had three children, had attended two years of college, had run a business for 30 years, was a diabetic, and was a life-long resident of Lebanon, Tennessee. According to his application, the defendant belonged to several organizations and a church. The defendant had no prior criminal record and asserted the charges against him were an "aberration" and "out of character." Eight letters from persons who were well acquainted with the defendant, including his former wife Barbara Marks, were attached to his application. The letters stated the defendant made generous contributions to his community; he is not a violent person; the alleged offense is not characteristic of his behavior; and the defendant is a good father to his children.

In addition to the above, the prosecutor considered the pretrial diversion case manager's report, the police report, photographs of the victim's injuries, a transcript of a civil hearing on the victim's request for an order of protection, statistics compiled by the Metro Nashville Police Department regarding crimes of domestic violence, and interviews with the defendant and the victim conducted by the prosecutor. The pretrial diversion case manager opined in her report that the defendant did not appear to exhibit remorse nor take responsibility for the alleged offense. The statistics compiled by the police department showed the number of domestic violence reports in Metro Davidson County rose from 12,649 in 1998, to 13,790 in 1999, and to 16,410 in 2000.

The district attorney general denied the defendant's request for diversion in a letter that gave the following reasons for the denial:

1. Prosecution ... is necessary to deter other similarly situated persons from engaging in domestic violence, a frequent and sometimes deadly crime in Davidson County.
2. The defendant has failed to accept moral responsibility for his crime.

3. Prosecution ... is necessary to avoid depreciating the seriousness of the offense and its impact on the victim in this case.

The assistant district attorney based the deterrence factor on statistics provided by the Metro Police Department, which showed a significant increase in domestic violence reports for the last three years. The assistant district attorney said the factor of general deterrence weighed heavily against granting pretrial diversion.

The prosecutor opined the defendant's statements regarding the offense lacked sympathy for the victim and remorse. According to the assistant district attorney, the defendant stated he apologized to the victim during the order of protection hearing, but the transcript of the hearing does not reflect an apology. The assistant district attorney further stated the defendant completely attributed the incident to his physical problems and to being with the victim. The prosecutor noted the defendant, who was taking insulin and Zoloft, had been drinking and operating a vehicle under the influence of alcohol just prior to the offense. According to the prosecutor, this behavior "exhibited a reckless disregard for himself and others." The assistant district attorney stated the defendant's behavior in this regard combined with an attitude that the offense "was just bad luck" was a factor which heavily weighed against pretrial diversion.

The assistant district attorney stated the incident greatly affected the victim's mental health. He said the victim did not seek the defendant's incarceration, but she "strongly seeks" the defendant's prosecution. According to the assistant district attorney, this factor weighed against diversion, but did not weigh as heavily as the prior factors.

The assistant district attorney recognized the following factors as being in favor of granting pretrial diversion: (1) the defendant has no prior criminal record; (2) the defendant has a good relationship with his first ex-wife, Barbara Marks, and their children; (3) the defendant has been involved with a family business all of his working life and has a good business reputation; and (4) the defendant's status in the community and general reputation are very good. The assistant district attorney declined to apply emotional stability as a factor in favor of diversion because the defendant reported suffering from depression and took Zoloft, a prescription anti-depressant.

The defendant filed a writ of certiorari seeking review in the criminal court. After reviewing the prosecutor's denial, the criminal court determined the prosecutor did not abuse his discretion in denying the defendant's request for pretrial diversion and, therefore, denied the defendant's request for relief.

**PRETRIAL DIVERSION**

The pretrial diversion statute allows a district attorney general to suspend the prosecution of an eligible defendant for a period not to exceed two years. *See* Tenn. Code Ann. § 40-15-105(a)(1). To be eligible for pretrial diversion, the defendant: (1) must not have been previously granted pretrial

diversion; (2) must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary program for such conviction; and (3) must not be charged with a Class A felony, a Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault.  *Id*. at (a)(1)(B)(i).

There is no presumption that a person eligible for pretrial diversion is entitled to diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999).  The defendant bears the burden of establishing pretrial diversion is appropriate and in the interest of justice; therefore, it is the defendant's responsibility to submit substantial favorable evidence for the district attorney general's consideration.  State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general.  Tenn. Code Ann. § 40-15-105(b)(3); State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997).  The district attorney general must focus on the defendant's amenability to correction and consider any factors which tend to accurately reflect the defendant's propensity to become a repeat offender.  State v. Yancey, 69 S.W.3d 553, 557 (Tenn. 2002); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).  These factors include: (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) where appropriate, the defendant's physical and mental condition; (5) the likelihood pretrial diversion will serve the ends of justice; and (6) the best interest of both the public and the defendant.  Hammersley, 650 S.W.2d at 355.  The district attorney should clearly articulate these factors for the record to facilitate appellate review.  *Id*.  If pretrial diversion is denied, the denial must be written, must list the evidence considered, discuss which factors were considered, and discuss the weight accorded to each factor.  Curry, 988 S.W.2d at 157.

If an application for pretrial diversion is denied, a defendant may appeal to the trial court for a writ of certiorari to determine if the district attorney general abused his or her prosecutorial discretion.  Tenn. Code Ann. § 40-15-105(b)(3).  In reviewing the prosecutor's decision, the trial court must consider only the evidence considered by the district attorney general.  Curry, 988 S.W.2d at 157.  The trial court may conduct a hearing only to resolve factual disputes concerning the application; it should not hear additional evidence not considered by the prosecutor.  *Id*. at 157-58.  The discretion to grant or deny pretrial diversion rests with the district attorney general rather than the trial court.  Bell, 69 S.W.3d at 179.  The trial court is to review the method used by the prosecutor, but not "the intrinsic correctness" of the prosecutor's decision.  Yancey, 69 S.W.3d at 558-59.  The trial court may not reweigh the evidence or substitute its view for that of the prosecutor.  *Id*. at 559.

The trial court must determine whether the prosecutor has abused his or her discretion by failing to consider and weigh all the relevant factors or by reaching a decision not supported by substantial evidence. Curry, 988 S.W.2d at 158. If the trial court concludes the prosecutor failed to consider all the relevant factors and their weight when the prosecutor denied an application for pretrial diversion, the trial court must reverse the prosecutor's decision and remand the matter to the prosecutor for further consideration of all the relevant factors. Bell, 69 S.W.3d at 179. If the trial court determines the district attorney's office considered all relevant factors and their weight, it must further determine whether there is substantial evidence to support the decision to deny diversion. Yancey, 69 S.W.3d at 559. This court, like the trial court, is limited to considering only the evidence considered by the district attorney general. *Id.*

## POLICY REGARDING DOMESTIC VIOLENCE OFFENSES

The defendant argues that certain statements included in the assistant district attorney's written denial of pretrial diversion indicate the district attorney general's office has improperly denied diversion simply because the defendant is charged with a domestic assault. In his letter denying diversion, the assistant district attorney stated the following:

> The criminal justice system should make these cases a priority. Domestic violence cases result in broken homes, serious injuries, and even death in the most serious cases. Children raised in domestic violence will be more likely to be victims or perpetrators in adulthood. . . . The justice system should prosecute all of these cases where possible.

The defendant contends these comments indicate the district attorney general is imposing a policy denying pretrial diversion to all domestic violence defendants, rather than viewing each applicant individually. He further argues that none of the societal ills which the assistant district attorney attributed to domestic violence applied to the circumstances of his case because the defendant and victim were not married and do not live together; the victim suffered no serious injury; the victim was not killed; the defendant and the victim have no children together; and there is no evidence in the record that the defendant has sought revenge because of the charges against him.

It is improper for a district attorney general to apply a local policy contrary to or different from state law when determining whether to grant an application for pretrial diversion, such as denying pretrial diversion to a defendant eligible for diversion solely because he or she is charged

-5-

with a particular offense. <u>Hammersley</u>, 650 S.W.2d at 356; <u>State v.Cutshaw</u>, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997). We do not read the denial of diversion in this case to reflect a blanket denial of pretrial diversion in all domestic violence cases. However, we do agree that the prosecutor improperly relied upon some possible results of domestic violence; namely, broken homes, serious injuries, death, and children being more likely to be perpetrators in adulthood. These possible results have no application to the circumstances of this case; the defendant should not be penalized for consequences that could not have resulted from his conduct.

## DEPRESSION

The defendant contends the assistant district attorney wrongfully considered that the defendant suffers from depression and takes a prescription anti-depressant. We agree with the defendant that taking a prescription medication for depression should not be considered as a negative factor in determining whether or not to grant diversion. In this case, the assistant district attorney's letter indicated the defendant's emotional stability was not a favorable factor because of the defendant's depression for which he was taking Zoloft . Although the prosecutor did not specifically state this was a factor weighing against pretrial diversion, we conclude the assistant district attorney implicitly applied it against the defendant. We fail to see any reason to consider this against the defendant. A person diagnosed with depression, a widespread illness triggered by an event or genetics, should not be penalized for having the illness and taking medication prescribed to address this illness.

## DETERRENCE

In a pretrial diversion decision, the need for deterrence may be considered in the same manner as in probation cases. <u>Hammersley</u>, 650 S.W.2d at 354. To determine whether there is a need for deterrence, the following factors should be considered: (1) whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or state as a whole; (2) whether the crime was the result of intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from criminal behavior; (3) whether the alleged offense received substantial publicity beyond that normally expected in a typical case; (4) whether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective; and (5) whether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions. <u>State v. Hooper</u>, 29 S.W.3d 1, 10-12 (Tenn. 2000).

When determining whether the number of incidents of the charged offense is increasing, statistics may be helpful. *Id*. at 11. In the instant case, the statistics provided to the district attorney by the police department show the number of reports of domestic violence for Metro Davidson County had increased from 12,649 in 1998 to 16,410 in 2000, an increase of about 30% in three years. This was sufficient to support the prosecutor's finding that the number of incidents of domestic violence was increasing in the judicial district.

The prosecutor implicitly concluded the offense was the result of intentional, knowing and reckless conduct. There is certainly substantial evidence to support this conclusion. However, there is no indication in the record that the charge against the defendant has received substantial publicity, or that the defendant was a member of a criminal enterprise. The assistant district attorney stated the defendant had no prior criminal record. We infer that the assistant district attorney did not consider the defendant to have previously engaged in the same type of criminal conduct as the offense in question.[1]

We conclude there was sufficient evidence to support the prosecutor's conclusion that a need for deterrence exists based upon the statistics cited in his letter and the intentional, knowing and reckless conduct of the defendant. Though the other Hooper factors do not apply, all factors need not be present. Hooper, 29 S.W.3d at 12.


**REMORSE AND RESPONSIBILITY**

The defendant further argues there is no substantial evidence to support the prosecutor's application of lack of remorse and failure to take responsibility. These factors may be considered relating to one's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994) (applying these factors in the context of alternative sentencing).

The assistant district attorney relied upon statements the defendant made to him and to the pretrial diversion case manager. The case manager specifically noted defendant's lack of remorse and failure to take responsibility for his actions. Although defendant contends he had apologized

---

[1]The victim testified at the civil hearing on her request for an order of protection, the transcript of which was considered by the prosecutor, that the defendant had shoved her and choked her on prior occasions. It is within the province of the district attorney general to determine whether to use this evidence as a basis for his decision.

-7-

to the victim at the order of protection hearing, an apology does not appear in the transcript of that hearing.[2]  We find the application of these factors was supported by substantial evidence.


## SERIOUSNESS OF OFFENSE

The prosecutor relied upon the seriousness of the offense and its impact upon the victim.  In the instant case, the prosecutor found the defendant "exhibited a reckless disregard for himself and others" by consuming a large quantity of alcohol while taking prescription medication and by driving an automobile.  Though the defendant is not charged with driving under the influence, both the defendant and victim stated they drank about four bottles of wine and the defendant was driving just prior to the alleged offense.[3]  A police officer called to the scene following the offense documented that the defendant was "very intoxicated."  There is substantial evidence to support the prosecutor's conclusion that the defendant was operating the vehicle after consuming the alcohol, thereby endangering the lives of others.  It is clear from the evidence considered by the assistant district attorney that the defendant's consumption of a large quantity of alcohol played a role in the alleged offense, and there was a sufficient basis for the assistant district attorney's finding that it was the defendant's choice to consume the alcohol.

In addition, there is substantial evidence to indicate the brutality of the attack upon the victim.  Furthermore, the victim not only received physical injuries, but has also undergone mental health counseling as a result of the offense.

We conclude the assistant district attorney properly relied upon the seriousness of the offense and its impact upon the victim in his decision to deny pretrial diversion.


## CONSIDERATION OF FAVORABLE FACTORS

The defendant contends the assistant district attorney failed to focus on the defendant's amenability to correction and give proper weight to factors favorable to the defendant.  He also

---

[2]We recognize the possibility that defendant may have apologized prior to or after the hearing.  However, there is nothing in the record to dispute the prosecutor's conclusion.

[3]Had defendant been charged with DUI, he would not be eligible for pretrial diversion for that offense.  *See* Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(*c*).

argues the trial court erred by refusing to reweigh the factors considered by the assistant district attorney. However, neither the trial court nor this court may reweigh the factors considered by the district attorney general's office. Yancey, 69 S.W.3d at 559.

The assistant district attorney stated he considered several factors which were in the defendant's favor, including lack of a prior criminal record, a good relationship with his first ex-wife and his children, his good reputation related to his business, and his good reputation in the community. The assistant district attorney weighed these favorable factors against the unfavorable factors. We conclude the assistant district attorney considered all the factors in the defendant's favor based upon the facts presented to him.

### REMEDY

We conclude the assistant district attorney properly considered the need for deterrence, the defendant's lack of remorse, and the defendant's failure to take responsibility for his actions. We further conclude the assistant district attorney considered all factors favorable to the defendant in determining whether to grant the defendant's application for pretrial diversion. However, we conclude he also improperly considered two factors; namely, (1) certain matters relating to domestic violence cases that have no application to the circumstances of this case; and (2) the defendant's depression for which he takes prescription medication.

Although there may well be substantial evidence to support the assistant district attorney's denial of pretrial diversion regardless of these two deficiencies, we are unable to conclude that the appropriate remedy is to affirm the denial of pretrial diversion. The Tennessee Supreme Court concluded in Bell that when the prosecutor denies pretrial diversion "without considering and weighing substantial evidence favorable to a defendant," the appropriate remedy is to remand to the prosecutor "for further consideration of all the relevant factors." Bell, 69 S.W.3d at 179. The failure of the prosecutor to consider all relevant factors cannot be cured by judicial review to "fill in the gaps." *Id*. Likewise, we conclude we cannot "fill in the gaps" when the prosecutor considers improper factors. We may not substitute our judgment for that of the prosecutor since the prosecutor must be given the opportunity to consider the proper factors. Accordingly, pursuant to the procedure set forth in Bell, we remand this matter to the office of the district attorney general for further consideration of relevant factors to determine the defendant's eligibility for pretrial diversion.[4]

---

[4]It is certainly not our intent, nor do we believe it was our supreme court's intent in Bell, to engage in a prolonged "ping-pong" match between the prosecutor, trial court and the appellate courts concerning pretrial diversion. However, it appears that until the prosecutor considers all relevant factors, and only the relevant factors, judicial review
(continued...)

_____

JOE G. RILEY, JUDGE