# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 3, 2001 Session

## STATE OF TENNESSEE v. JERRY W. YANCEY, JR.

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Williamson County**
**No. II-499-120    Timothy L. Easter, Judge**

---

**No. M1999-02131-SC-R11-CD - Filed February 7, 2002**

---

We granted this appeal to determine the following issues: (1) whether the Court of Criminal Appeals, in reviewing the denial of pretrial diversion, erred by considering evidence presented at trial and failing to limit its review to evidence considered by the district attorney general; and (2) whether the trial court applied the correct standard in reviewing the district attorney general's denial of pretrial diversion pursuant to a petition for writ of certiorari.

After a thorough review of the record and relevant authority, we hold that in reviewing the denial of pretrial diversion, the Court of Criminal Appeals erred in failing to limit its review to the evidence that was considered by the district attorney general and any factual disputes resolved by the trial court. We also hold that in considering the petition for writ of certiorari, the trial court failed to apply the proper standard of review, which requires that it determine whether the district attorney general has considered and weighed all of the relevant factors and whether there is substantial evidence to support the district attorney general's decision. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded to the trial court to apply the appropriate standard of review.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Remanded to Trial Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined. JANICE M. HOLDER, J., filed a dissenting opinion.

John S. Colley, III, Columbia, Tennessee, for the appellant, Jerry W. Yancey, Jr.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General; Jennifer L. Bledsoe, Assistant Attorney General; Sharon Tyler,

Assistant District Attorney; and Robert S. Hassell, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

## BACKGROUND

The defendant, Jerry W. Yancey, Jr., was charged in an indictment with two counts of aggravated assault and three counts of felony reckless endangerment. When Yancey applied for pretrial diversion, the district attorney general considered the following evidence.

On January 29, 1999, Teresa Lovett was driving a Pontiac Grand Prix northbound in the left lane on Interstate 65 in Williamson County, Tennessee. Sandra Martin was a passenger in Lovett's car. Yancey, along with his wife, his brother, and another passenger, was driving a Jeep northbound on Interstate 65 behind Lovett's car. Yancey's vehicle was hauling a trailer containing 1800 to 2000 pounds of material.

At approximately 6:30 a.m., Yancey approached Lovett's car from the rear in the left lane. When Lovett slowed down, Yancey remained right behind her back bumper. Yancey moved to the right lane, pulled along side of Lovett's car, and made a profane gesture. Lovett returned the gesture. When Lovett accelerated, Yancey pulled into the left lane behind Lovett's car and turned on his high beam headlights. When Lovett remained in the left lane, Yancey again drove into the right lane along side of Lovett's car. This time Yancey pulled a Colt .45 caliber handgun and pointed it at Lovett's car. Sandra Martin ducked down in the passenger seat. Lovett accelerated and immediately heard a gunshot.

Yancey was apprehended by police later the same day and was interviewed by Detective David Beard from the Williamson County Sheriff's Department. Yancey stated that he was driving between 70 and 75 miles per hour when he approached Lovett's car in the left lane, which he estimated was going 58 to 64 miles per hour. When Yancey flashed his lights, the driver of the other car "slammed" on the brakes and "flipped him off." Yancey said that the driver of the vehicle would not let him pass and that this went on for several miles. Yancey told officers that he tried to take a picture of the other car with a camera.[1] Although Yancey admitted that he fired one shot with his handgun, he maintained that he fired in the air and was not trying to hit the other vehicle. Michael Yancey, the defendant's brother, told officers that he had thrown a shell casing out of the car at the defendant's direction after the defendant had fired the gun.

According to the pretrial diversion application, Yancey was 34 years old and married. Yancey has two children, and his wife was pregnant at the time of the offenses in question. Yancey has his G.E.D. and is self-employed as a contractor. He has a prior conviction for reckless driving

---

[1] The passengers in the defendant's car, including his wife and brother, told officers that the driver of the other vehicle was driving slow and would speed up whenever the defendant tried to pass it. The defendant's wife also told an officer that the defendant had used a camera to try to take a picture of the other vehicle.

in 1996. Yancey's mental and physical conditions were normal, although he was attending weekly sessions for control of stress.

The district attorney general's letter of denial indicated that he considered the facts and circumstances of the offense, including the grave danger created to the victims and numerous other drivers on the busy interstate highway, and found that they did not favor pretrial diversion. The denial letter revealed that the district attorney general considered the defendant's social history, which he found to be neutral, and the defendant's criminal history, which he found to be "neutral - at best." The district attorney general considered the defendant's physical and mental condition, but found that neither played a significant part in his decision to deny pretrial diversion. Finally, in concluding that pretrial diversion would not meet the ends of justice, the district attorney general cited the defendant's prior conviction, his effort to conceal the facts of the offenses, his failure to take complete responsibility for his actions, and the need for deterring the defendant and others from committing similar crimes in the future.

The defendant appealed the denial of pretrial diversion by filing a petition for a writ of certiorari, which was denied by the trial court following a hearing. The defendant's motion for an interlocutory appeal to review the denial of diversion was denied by the trial court and the Court of Criminal Appeals. In denying the interlocutory appeal, the Court of Criminal Appeals concluded that the defendant may challenge the denial of pretrial diversion on direct appeal following a conviction. See Tenn. R. Crim. P. 38 ("In the event that the defendant does not pursue an interlocutory appeal, the defendant shall have the right to appeal the decision of the trial court denying the petition for writ of certiorari pursuant to Tennessee Rule of Appellate Procedure 3(b) following the entry of the final judgment in the trial court.").

At trial, the defendant was convicted of two counts of aggravated assault and two counts of felony reckless endangerment.[2] On appeal, the Court of Criminal Appeals considered evidence presented at both the certiorari hearing for pretrial diversion and the subsequent trial, and it concluded that the record supported the trial court's finding that the district attorney general did not abuse his discretion in denying pretrial diversion.

The defendant sought permission to appeal arguing that the Court of Criminal Appeals erred in failing to limit its review to the evidence that was considered by the district attorney general and that the trial court failed to weigh and make specific findings regarding each relevant factor considered by the district attorney general under this Court's decision in State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). The State concedes that the Court of Criminal Appeals erred in considering evidence from the trial and failing to limit its review to the evidence that was considered by the district attorney general. The State argues, however, that the trial court applied the proper standard of review and that the evidence in the record supports the trial court's ruling upholding the district attorney general's denial of pretrial diversion.

---

[2] The defendant was later given an effective sentence of three and one-half (3½) years in prison. The sentence was suspended after service of sixty (60) days, and the defendant was placed on probation for four (4) years.

We granted the defendant's application for permission to appeal to address these issues.

## ANALYSIS

The pretrial diversion statute, which was enacted by the state legislature, permits the district attorney general to suspend a prosecution against a qualified defendant for a period of up to two years. See Tenn. Code Ann. § 40-15-105(a)(1)(A) (1997 & Supp. 2001). Pretrial diversion is available only to a narrow class of defendants who have not previously been granted diversion; who do not have a prior misdemeanor conviction for which confinement was served; who do not have a prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and who are charged with a crime other than a class A felony, a class B felony, a sexual offense, driving under the influence, or vehicular assault. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c) (Supp. 2001).

A person who is statutorily eligible for pretrial diversion is not presumptively entitled to diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). Rather, the district attorney general has the discretion to determine whether to grant pretrial diversion to one who meets the strict statutory requirements. See id.; State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997). In considering pretrial diversion, it is well-settled that the district attorney general must consider the following:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Pinkham, 955 S.W.2d at 959-60 (quoting State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). In cases where the district attorney general denies an application for pretrial diversion, the denial must be in writing and must discuss the factors considered and the weight accorded to each factor. State v. Curry, 988 S.W.2d at 157; see also State v. Bell, _____ S.W.3d _____ (Tenn. 2002).

If an application for pretrial diversion is denied by the district attorney general, the defendant may appeal to the trial court. Tenn. Code Ann. § 40-15-105(b)(3) (1997 & Supp. 2001). On certiorari review, the trial court is limited to considering the record as it existed before the district attorney general. See State v. Curry, 988 S.W.2d at 157. The trial court may only conduct a hearing

to resolve any factual disputes raised by the district attorney general or the defendant. Id. at 157-58. In deciding whether the district attorney general has abused his or her discretion, the trial court must determine whether the district attorney general has considered all of the relevant factors and whether there is substantial evidence to support the district attorney general's findings with respect to the denial of pretrial diversion. Id.[3]

## Review of Evidence by Appellate Court

The defendant argues, and the State concedes, that the Court of Criminal Appeals erred by considering evidence presented at the trial on the merits of the offenses charged, in addition to that considered by the district attorney general. We made it clear in Curry that a trial court is limited to considering only the evidence considered by the district attorney general and to resolving any factual disputes raised by the parties. See State v. Curry, 988 S.W.2d at 157 (citation omitted); see also State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

In concluding that it must examine the evidence presented at trial, the Court of Criminal Appeals cited this Court's decision in State v. Henning, in which this Court said that when "evaluating the correctness of a trial court's ruling on a pretrial motion to suppress, appellate courts may consider the proof adduced both at the suppression hearing and at the trial." 975 S.W.2d 290, 299 (Tenn. 1998). Our decision in Henning is not applicable to the review of a trial court's ruling on a pretrial diversion matter, which is governed by the narrow procedures of certiorari review as outlined above. Indeed, review of the evidence presented after the district attorney general's determination inherently conflicts with the applicable standard of review. Therefore, as the parties agree, the Court of Criminal Appeals erred by considering evidence presented at trial.

## Standard of Review by Trial Court

The defendant, relying on this Court's decision in State v. Herron, 767 S.W.2d 151 (Tenn. 1989), next contends that the trial court failed to adhere to the same balancing procedure required of the district attorney general when assessing a defendant's suitability for pretrial diversion and that the trial court's failure to set out specific findings of fact is an error requiring this Court to order pretrial diversion. The State argues that where the trial court fails to apply the appropriate standard of review in determining whether the district attorney general abused his or her discretion in denying diversion, the remedy is a remand to the trial court for appropriate proceedings and not a grant of diversion. The State further argues that a remand is not necessary in this case because the trial court

---

[3] We disagree with the dissenting view that the district attorney general's failure to consider all of the relevant factors, including evidence favorable to a defendant, is of no concern so long as the reasons cited by the district attorney general are sufficient to support a denial of diversion. Such a view is contrary to the requirement that district attorney generals "properly exercise" their discretion by considering all of the relevant factors, including a defendant's amenability to correction. State v. Hammersley, 650 S.W.2d at 353. Moreover, it is the consideration of all of the relevant factors that ensures the district attorney general will identify suitable candidates for pretrial diversion and fulfill the legislative purpose of the statute. See State v. Bell, ___ S.W.3d at ___ .

properly found that the district attorney general did not abuse his discretion in denying pretrial diversion.

In reviewing this issue, we first clarify that a writ of certiorari is available to review the actions of administrative tribunals and to review the denial of pretrial diversion. See Ben H. Cantrell, Review of Administrative Decisions by Writ of Certiorari in Tennessee, 4 Mem. St. L. Rev. 19, 20 (1973); Tenn. Code Ann. § 40-15-105(b)(3) (1997 & Supp. 2001). A writ of certiorari to review the grant or denial of pretrial diversion requires that the trial court review the method used by the district attorney general, but not the intrinsic correctness of the decision. See Review of Administrative Decisions by Writ of Certiorari in Tennessee, 4 Mem. St. L. Rev. at 28; Arnold v. Tennessee Bd. of Paroles, 956 S.W.2d 478, 480 (Tenn. 1997). In reviewing the district attorney general's decision, therefore, the trial court must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion. See Review of Administrative Decisions by Writ of Certiorari in Tennessee, 4 Mem. St. L. Rev. at 30; see also State v. Bell, ____ S.W.3d at ___.

In State v. Herron, this Court addressed whether the trial court erred by affirming the district attorney general's denial of pretrial diversion. We stated:

> The trial judge must also adhere to the same balancing procedure [used by the district attorney general], which must be followed on a case-by-case basis, assigning due significance to all relevant factors, and set out in findings of fact and/or his order affirming or reversing the prosecutors decision. It is only thus that meaningful appellate review may be had and the likelihood sustained that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

767 S.W.2d at 156. This statement in Herron was meant to clarify that the trial court should examine each relevant factor in the pretrial diversion process to determine whether the district attorney general has considered that factor and whether the district attorney general's finding with respect to that factor is supported by substantial evidence. To the extent that this language in Herron, or any other case, indicates that the trial court must conduct the same balancing procedure that a district attorney general must undertake and re-weigh the district attorney general's decision, it is overruled for conflicting with the very nature of certiorari review.

Now that we have clarified the proper standard of review on writ of certiorari, we turn to the facts of this case. At the certiorari hearing in this case, the trial court stated:

> I do not find evidence that the State has grossly or patently abused its discretion in this case given the nature of this case and the facts or at least the facts that have been reported and supported by your client's statement. This does seem to be a case where the circumstances of

-6-

the crime and the need for deterrence outweigh any other relative factors that would justify pretrial diversion. And I find therefore that the State has not abused its discretion in this case and deny the motion for certiorari in this case.

These findings are ambiguous as to the standard applied by the trial court. It appears initially that the trial court properly applied the abuse of discretion standard of review. The trial court, however, recites only two of the factors in the context of "outweigh[ing] any other" factors. The trial court does not state whether the district attorney general considered all of the relevant factors or whether the district attorney general's findings were supported by substantial evidence. Therefore, we conclude that this case should be remanded to the trial court for application of the proper standard of review.

## **CONCLUSION**

We hold that upon review of a denial or grant of pretrial diversion, the Court of Criminal Appeals is limited to considering only the evidence that was considered by the district attorney general. Furthermore, we hold that a trial court must determine whether the district attorney general has considered and weighed the evidence relevant to each factor and whether there is substantial evidence to support the district attorney general's decision to deny pretrial diversion. Therefore, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded to the trial court to apply the appropriate standard of review.

The costs of this appeal are taxed to the State of Tennessee.

_____
E. RILEY ANDERSON, JUSTICE