# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 23, 2001

## STATE OF TENNESSEE v. DAVID K. BROWNE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S40,813     Phyllis H. Miller, Judge and R. Jerry Beck, Judge**

---

**No. E2000-01933-CCA-R3-CD**
**March 11, 2002**

---

The Defendant, David Kirk Browne, was indicted on one count of public indecency. The Defendant sought pretrial diversion, which was denied by the State. Following several continuances, the trial court conducted a hearing on the Defendant's petition for writ of certiorari. At the Defendant's request, the trial judge recused herself from the case. The case was transferred to Judge Jerry Beck. Judge Beck found that the Assistant District Attorney did not abuse his discretion in denying pretrial diversion. The Defendant now appeals, alleging numerous defects in the proceedings which culminated in his conviction. After a review of the evidence, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Leslie Hale, Blountville, Tennessee; Richard Tate, Blountville, Tennessee; attorneys at trial for the appellant, David K. Browne. Pro Se on appeal.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Peter M. Coughlan, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; Barry Staubus, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

The Defendant, David Kirk Browne, was indicted on January 14, 1998 for one count of "unlawfully and knowingly appear[ing] in a state of nudity and engag[ing] in masturbation in a public place, in violation of Tennessee Code Annotated, Section 39-13-511" on or about July 17, 1997. The Defendant sought pretrial diversion, which was denied by the State. Following several continuances, the trial court conducted a hearing on the Defendant's petition for writ of certiorari. At the Defendant's request, the trial judge recused herself from the case. The case was transferred to Judge Jerry Beck. Judge Beck found that the Assistant District Attorney did not abuse his

discretion in denying pretrial diversion. The Defendant was convicted of public indecency, and the trial court ordered that he pay a $500.00 fine, with all but $25.00 to be remitted based on the Defendant's indigence. The Defendant now appeals, alleging numerous defects in the proceedings which culminated in his conviction.

FACTS

Detective David Quillen of the Kingsport Police Department testified that late in the evening on July 16, 1997, he was working in an area known as Riverfront Park and observed the Defendant standing on a platform known as "the overlook." According to Quillen, the Defendant walked up to him, "stood there for just a few minutes looking around and looking at [Quillen]. And then he walked off the platform, down the steps, made a left, and walked underneath the platform." Quillen then observed the Defendant "walk from underneath the platform. His pants were down about to his knees. He had his penis out in his hand, and he was masturbating." Quillen testified that the Defendant was approximately five feet away from him and that with the nearby streetlights, he could see the Defendant clearly.

Quillen testified the Defendant stood in front of him for "probably 30 seconds or so" and then stepped back underneath the platform. Quillen then walked off of the platform and looked underneath it, where he saw the Defendant continue to masturbate. Quillen testified that he "illuminated the area" with his flashlight and identified himself. At that point, the Defendant "pulled his pants back up," and they walked to Quillen's car. Quillen testified that he was sure that the Defendant was not urinating because "he had an erection, and he was moving his hand up and down on his penis." On cross-examination, Quillen testified that he could not remember anything distinguishing about the Defendant's anatomy.

The Defendant maintained that he was not masturbating when Defective Quillen found him. The Defendant stated that at the time of the offense, he had "a physical injury that would prevent [him] from doing the things that [Detective Quillen] alleged." According to the Defendant, he had a "blood blister on his penis" from doing yard work earlier that day. The Defendant testified that his lawnmower "jammed into [him]." The Defendant admitted that other people were in the park on the night of the offense and that the area was well lit. The Defendant also admitted that he was in violation of the park's curfew. The Defendant presented no other evidence to support his contention that he was not masturbating in the park.

The trial court noted that it is undisputed that the Defendant was in the park after hours. The court also noted that the Defendant testified that other people were in the park during those hours. The court stated that because some of the Defendant's explanation was "totally unreasonable," he credited the testimony of Detective Quillen over that of the Defendant. Thus, the trial court found the Defendant guilty of public indecency and ordered that he pay a $500.00 fine, with all but $25.00 to be remitted based on the Defendant's indigence.

ANALYSIS

On appeal, the Defendant alleges a myriad of defects in the proceedings of this case. However, we find no basis for relief on any of the Defendant's complaints. Although inartfully phrased, the Defendant's brief appears to allege the following: (1) that the trial court erred in finding that the District Attorney did not abuse his discretion in denying pretrial diversion, (2) that the trial court erred by failing to dismiss the indictment based on numerous court appearances, (3) that the trial court erred by failing to dismiss the indictment because of counsel's ineffectiveness during the proceedings, (4) that the trial court erred in failing to dismiss the indictment based on selective prosecution, and (5) that the trial judge erred in not recusing himself from the case. The Defendant also lists several other "miscellaneous" reasons for his appeal.

Based on the facts and procedural history of the case, we assume that the Defendant argues that the trial court erred in denying him pretrial diversion. Pretrial diversion allows the district attorney general to suspend prosecution for a period of up to two years against a defendant who meets certain statutory requirements. See Tenn. Code Ann. § 40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion under this statute; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for such prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense,[1] driving under the influence, or vehicular assault. Id. § 40-15-105(a)(1)(B)(i)(a)-(c). Such eligibility does not presumptively entitle a defendant to pretrial diversion, but rather places such a decision within the discretion of the district attorney so long as the defendant is statutorily qualified. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999).

It is the defendant's duty to demonstrate suitability for pretrial diversion. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989); State v. Winsett, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993). However, this requirement does not relieve the prosecutor of his or her duty to consider and articulate all the relevant factors. Curry, 988 S.W.2d at 157. The district attorney is required to consider all relevant factors when determining whether or not to grant pretrial diversion. State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). The Tennessee Supreme Court has outlined the criteria that should be considered by the prosecutor in granting or denying pretrial diversion:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in

---

[1]Statutory rape is not included as a "sexual offense" for which a defendant would be disqualified from seeking pre-trial diversion. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(ii)(a)-(h).

addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); see also Curry, 988 S.W.2d at 157.

Where pretrial diversion is denied by the district attorney, the factors and evidence considered in making the decision must be clearly set forth in writing along with the weight accorded to each factor. Pinkham, 955 S.W.2d at 960; Winsett, 882 S.W.2d at 806. The district attorney general must do more than abstractly state that he or she has considered each of the factors. Herron, 767 S.W.2d at 156. Rather, the factors must be "clearly articulable and stated in the record." Hammersley, 650 S.W.2d at 355. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See Curry, 988 S.W.2d at 157-58.

A defendant who has been denied pretrial diversion by the district attorney has the right to petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3). Although presumptively correct, a trial court may overrule a district attorney's denial of pretrial diversion where there has been an abuse of discretion. However, the trial judge cannot simply substitute his or her own judgment for that of the district attorney. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App 1980). To show prosecutorial abuse of discretion, the record must lack any substantial evidence to support the denial of pretrial diversion. Curry, 988 S.W.2d at 158.

The legislature has vested the authority to prosecute a case or divert it with the prosecutor rather than the court. See Tenn. Code Ann. § 40-15-105; State v. Carr, 861 S.W.2d 850, 858 (Tenn. Crim. App. 1993). The trial court "must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion." State v. Jerry W. Yancey, Jr., No. M1999-02131-SC-R11-CD, 2002 Tenn. LEXIS 45, at *14-15 (Tenn., Nashville, Feb. 7, 2002). On appeal, this Court is "bound by the factual findings made by the trial court unless the evidence preponderates against them." State v. Johnnie Bell, Jr., No. E1999-01819-SC-S09-CD, 2002 Tenn. LEXIS 28, at *13 (Tenn., Knoxville, Jan. 28, 2002). An appellate court should apply the preponderance of the evidence standard of review of the trial court's decision regarding a prosecutor's abuse of discretion. Curry, 988 S.W.2d at 158. "When the facts are undisputed, the underlying issue that this [C]ourt must determine on appeal remains whether, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion." State v. Carriger, No. E2000-00823-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 966, at * 13 (Tenn. Crim. App., Knoxville, Dec. 20, 2000).

In the letter denying pretrial diversion, the prosecution noted that it "reviewed the entire Pretrial Diversion Report prepared by the Tennessee Department of Probation and information and statements provided by Officer David Quillen." Among the factors that the prosecution considered were the circumstances of the offense, the Defendant's social history, physical and mental condition,

and the best interest of both the public and the Defendant.  The prosecution clearly articulated the following reasons for denying the Defendant pretrial diversion: (1) that the Defendant "has not been truthful and candid regarding the information he provided for the preparation of the Pretrial Diversion Report," (2) that the Defendant "has not provided a credible explanation of his criminal activity," (3) that the Defendant "has a poor employment history," and (4) "[t]o deter other individuals from committing similar crimes in a public area frequented by adults and children."

The prosecutor also noted certain factors weighing in the Defendant's favor. The prosecutor acknowledged that the Defendant had no prior record, that he had attended college, and that there was no reported use of illegal drugs.  However, the prosecutor ultimately denied the Defendant pretrial diversion.  Because the prosecutor clearly articulated the relevant factors that were considered, we conclude that there was no abuse of discretion. Therefore, the trial court properly ruled that the prosecutor's decision to deny pretrial diversion was not an abuse of prosecutorial discretion.

Regarding the remaining issues, the Defendant has failed to cite any authority in support of his arguments; thus the issues are waived.  Tenn. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). However, notwithstanding the waiver, we have thoroughly reviewed the record and conclude that the Defendant has no legal basis for relief.

After a full consideration of the record, the briefs, and the applicable law, we conclude that the judgment of the trial court should be affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE