IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2003 Session

## STATE OF TENNESSEE  v.  JERRY W. YANCY, JR.

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-499-120      Timothy L. Easter, Judge**

_____

**No. M2002-01640-CCA-R3-CD - Filed June 13, 2003**

_____

On April 12, 1999, the Williamson County Grand Jury returned a five-count indictment charging Defendant, Jerry W. Yancy, Jr., with two counts of aggravated assault and three counts of felony reckless endangerment. The district attorney general denied Defendant's request for pretrial diversion. In a writ of certiorari, Defendant asked the trial court to review the district attorney general's denial of pretrial diversion. Following a hearing, the trial court denied certiorari. The trial court also denied Defendant's motion to file an interlocutory appeal pursuant to Rule 9, Tenn. R. App. P. Defendant applied for an extraordinary appeal pursuant to Rule 10, Tenn. R. App. P., which this Court denied. Defendant entered guilty pleas to two counts of felony reckless endangerment and was convicted by a jury of two counts of aggravated assault. He was acquitted on the remaining count of felony reckless endangerment. The trial court sentenced Defendant to serve sixty days in confinement and four years on probation. On direct appeal, this Court affirmed the trial court's judgments. The Tennessee Supreme Court granted permission to appeal and held that this Court erred by looking to the entire record in deciding whether the denial of pretrial diversion was proper. *State v. Yancey*, 69 S.W.3d 553 (Tenn. 2002). The supreme court remanded the case back to the trial court for application of the proper standard of review. *Id*. On remand from the supreme court, the trial court entered an order affirming the denial of pretrial diversion. Defendant appeals that decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Jerry W. Yancy, Jr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon Guffee, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The evidence considered by the district attorney general, as summarized by the Tennessee Supreme Court in *State v. Yancey*, 69 S.W.3d 553 (Tenn. 2002), is as follows:

On January 29, 1999, Teresa Lovett was driving a Pontiac Grand Prix northbound in the left lane on Interstate 65 in Williamson County, Tennessee. Sandra Martin was a passenger in Lovett's car. Yancey, along with his wife, his brother, and another passenger, was driving a Jeep northbound on Interstate 65 behind Lovett's car. Yancey's vehicle was hauling a trailer containing 1800 to 2000 pounds of material.

At approximately 6:30 a.m., Yancey approached Lovett's car from the rear in the left lane. When Lovett slowed down, Yancey remained right behind her back bumper. Yancey moved to the right lane, pulled along side of Lovett's car, and made a profane gesture. Lovett returned the gesture. When Lovett accelerated, Yancey pulled into the left lane behind Lovett's car and turned on his high beam headlights. When Lovett remained in the left lane, Yancey again drove into the right lane along side of Lovett's car. This time Yancey pulled a Colt .45 caliber handgun and pointed it at Lovett's car. Sandra Martin ducked down in the passenger seat. Lovett accelerated and immediately heard a gunshot.

Yancey was apprehended by police later the same day and was interviewed by Detective David Beard from the Williamson County Sheriff's Department. Yancey stated that he was driving between 70 and 75 miles per hour when he approached Lovett's car in the left lane, which he estimated was going 58 to 64 miles per hour. When Yancey flashed his lights, the driver of the other car "slammed" on the brakes and "flipped him off." Yancey said that the driver of the vehicle would not let him pass and that this went on for several miles. Yancey told officers that he tried to take a picture of the other car with a camera. Although Yancey admitted that he fired one shot with his handgun, he maintained that he fired in the air and was not trying to hit the other vehicle. Michael Yancey, the defendant's brother, told officers that he had thrown a shell casing out of the car at the defendant's direction after the defendant had fired the gun.

According to the pretrial diversion application, Yancey was 34 years old and married. Yancey has two children, and his wife was pregnant at the time of the offenses in question. Yancey has his G.E.D. and is self-employed as a contractor. He has a prior conviction for reckless driving in 1996. Yancey's mental and physical conditions were normal, although he was attending weekly sessions for control of stress.

The district attorney general's letter of denial indicated that he considered the facts and circumstances of the offense, including the grave danger created to the victim

-2-

and numerous other drivers on the busy interstate highway, and found that they did not favor pretrial diversion. The denial letter revealed that the district attorney general considered the defendant's social history, which he found to be neutral, and the defendant's criminal history, which he found to be "neutral at best." The district attorney general considered the defendant's physical and mental condition, but found that neither played a significant part in his decision to deny pretrial diversion. Finally, in concluding that pretrial diversion would not meet the ends of justice, the district attorney general cited the defendant's prior conviction, his effort to conceal the facts of the offenses, his failure to take complete responsibility for his actions, and the need for deterring the defendant and others from committing similar crimes in the future.

*Yancey*, 69 S.W.3d at 555-56.

The pretrial diversion statute allows a district attorney general to suspend the prosecution of an eligible defendant for a period not to exceed two years. *See* Tenn. Code Ann. § 40-15-105(a)(1)(A) (Supp. 2002). There is no presumption that a person eligible for pretrial diversion is entitled to diversion. *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999). The defendant bears the burden of establishing that pretrial diversion is appropriate and in the interest of justice; therefore, it is the defendant's responsibility to submit substantial favorable evidence for the district attorney general's consideration. *State v. Bell*, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. *State v. Pinkham*, 955 S.W.2d 956, 959 (Tenn. 1997). The district attorney general must focus on the defendant's amenability to correction and consider any factors which tend to accurately reflect the defendant's propensity to become a repeat offender. *Yancey*, 69 S.W.3d at 557; *State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983). These factors include: (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) where appropriate, the defendant's physical and mental condition; (5) the likelihood pretrial diversion will serve the ends of justice; and (6) the best interest of both the public and the defendant. *Hammersley*, 650 S.W.2d at 355. The district attorney should clearly articulate these factors for the record to facilitate appellate review. *Id*. If pretrial diversion is denied, the denial must be written, must list the evidence considered, discuss which factors were considered, and discuss the weight accorded to each factor. *Curry*, 988 S.W.2d at 157.

In reviewing the prosecutor's decision, the trial court must consider only the evidence considered by the district attorney general and conduct a hearing only to resolve factual disputes concerning the application. *Curry*, 988 S.W.2d at 157-58. The trial court is to review the method used by the prosecutor, but not "the intrinsic correctness" of the prosecutor's decision. *Yancey*, 69 S.W.3d at 558-59. The trial court may not reweigh the evidence or substitute its view for that of the prosecutor. *Id*. at 559. The trial court must determine whether the prosecutor has abused his or her discretion by failing to consider and weigh all the relevant factors or by reaching a decision not supported by substantial evidence. *Curry*, 988 S.W.2d at 158. If the trial court determines the

district attorney's office considered all relevant factors and their weight, it must further determine whether there is substantial evidence to support the decision to deny diversion. *Yancey*, 69 S.W.3d at 559. This court, like the trial court, is limited to considering only the evidence considered by the district attorney general. *Id.* at 559-60.

The trial court stated its reasons for affirming the district attorney's denial of pretrial diversion in a memorandum of law. The trial court found that there was substantial evidence in the record to support the original two factors considered by the district attorney in denying pretrial diversion: (1) the circumstances of the offense did not favor pretrial diversion; and (2) there was a need for deterrence. The trial court also found that the State "properly weighed Defendant's conduct in taking steps to cover up his action by throwing the shell casings out of his window as well as not stopping until pulled over by law enforcement officials." Additionally, the trial court found that the district attorney general properly "concluded that the Defendant refused to accept responsibility for his actions by refusing to give a recitation of the facts in response to a question on the application [for pretrial diversion]." The trial court also found that the district attorney general properly considered Defendant's social history and criminal history and determined that they were both neutral factors.

Defendant argues that the district attorney general should have personally interviewed him to resolve any questions the State had regarding his application for diversion rather than flatly denying diversion. There is nothing in the pretrial diversion statute that requires the State to conduct an interview of a defendant before denying his request for pretrial diversion. *See* Tenn. Code Ann. § 40-15-105 (1997 & Supp. 2002). The burden is upon the defendant to provide the prosecutor with sufficient background information and data to enable the prosecutor to make a reasoned decision. *State v. Herron*, 767 S.W.2d 151, 156 (Tenn. 1989). This information may be supplemented by the pretrial investigation, as authorized by Tenn. Code Ann. § 40-15-104, but the investigation does not lessen the defendant's obligation "to show beforehand he is an appropriate subject for diversion." *Id.*

Defendant also argues that his 1996 conviction for reckless driving is not a basis upon which to deny pretrial diversion. The district attorney general considered the fact that Defendant did not disclose that he was arrested for DUI and convicted of the reduced charge of reckless driving, finding that Defendant had "already received leniency in our criminal justice system." The district attorney general concluded, however, that the defendant's criminal history was "a neutral factor at best." The Defendant's criminal history is an appropriate consideration in determining whether to grant or deny pretrial diversion.

Finally, Defendant argues that there was no evidence to support the State's denial of pretrial diversion based on a need for deterrence. The need for deterrence is a proper consideration in pretrial diversion cases, and it may be considered in the same manner as in probation cases. *Hammersley*, 650 S.W.2d at 354. To determine whether there is a need for deterrence, the following factors should be considered: (1) whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or state as a whole; (2) whether the crime was the result of

intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from criminal behavior; (3) whether the alleged offense received substantial publicity beyond that normally expected in a typical case; (4) whether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective; and (5) whether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions. *State v. Hooper*, 29 S.W.3d 1, 10-12 (Tenn. 2000). If deterrence is to be the basis for denying diversion, proof must exist in the record of a specific need to deter similar crimes or the defendant himself. *Id.*

The record does not indicate what specific evidence of a need for a deterrence the district attorney general relied upon in denying pretrial diversion. The district attorney general found that denying pretrial diversion would serve the ends of justice, stating, "[c]learly, this is a situation where the nature and gravity of the circumstances and the great interest of the public demand that this type of activity be deterred." Statistics and data showing that the instances of this type of conduct in Williamson County have been increasing may have been helpful and would have supported the district attorney general's finding that a need for deterrence exists. *See State v. William David Marks*, No. M2001-01497-CCA-R9-CO, 2002 Tenn. Crim. App. LEXIS 428 (filed at Nashville, May 10, 2002) *no app. for perm. to appeal filed*. Nevertheless, we agree with the district attorney general and the trial court and conclude that the nature and circumstances of this offense were so aggravated in regard to the use of a deadly weapon in response to minor road problems that the denial of pre-trial diversion in this case is justified.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE