IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 4, 2007 Session

STATE OF TENNESSEE v. SELETTA MCKINNIS

Interlocutory Appeal from the Circuit Court for Dyer County
No. C06-340    Lee Moore, Judge

No. W2007-01537-CCA-R9-CD  - Filed January 22, 2008

The Defendant, Seletta McKinnis, was arrested and pled guilty to failing to appear in court.  She received a sentence of "time served."  The Defendant was subsequently indicted on separate offenses and applied for pretrial diversion.  The prosecutor denied her application, explaining that she had previously served a sentence of confinement.  She appealed to the Circuit Court, which also denied her application, and now she appeals, arguing that her "time served" sentence should not preclude her from pretrial diversion.  Finding no error, we affirm the trial court's judgment.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES, and JOHN EVERETT WILLIAMS, JJ., joined.

H. Tod Taylor, Dyersburg, Tennessee, for the Appellant, Seletta McKinnis.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Lacy Wilber, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the Appellee, State of Tennessee.

OPINION
I. Facts

On February 24, 2006, the police arrested the Defendant for failing to appear in court, and she was released on bond the following day.  On February 27, 2006, she pled guilty for that offense and received a sentence of "time served."[1]  On October 9, 2006, the Defendant was arrested on

[1]

There seems to be a discrepancy in the amount of time the Defendant served.  According to the Defendant's brief, she was arrested on February 24, 2006, and was released on bond on February 25, 2006.  The State cites to the

charges of aggravated assault and reckless endangerment. The Defendant applied for pretrial diversion, and the District Attorney General denied the application. The Defendant appealed for certiorari to the Dyer County Circuit Court, but the Court also denied the pretrial diversion application. The Circuit Court allowed the Defendant to pursue an interlocutory appeal, and this Court granted the permission to appeal pursuant to Tennessee Rules of Appellate Procedure Rule 9.

## II. Analysis

The Defendant alleges that she is entitled to pretrial diversion because her previous "time served" sentence should not count as a period of confinement. The State argues that the Defendant was arrested and confined in jail prior to making bond. Upon being convicted and sentenced, the Defendant received a jail sentence equal in length to the "time served" between her arrest and her release on bond. As such, the Defendant has a prior misdemeanor conviction for which a sentence of confinement was served, and thus, she is not statutorily qualified for pretrial diversion. We agree with the State.

Pretrial diversion allows the district attorney general to suspend prosecution for a period of up to two years against a defendant who meets certain statutory requirements. *See* T.C.A. § 40-15-105(a)(1)(A) (2006). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion under this statute; must not have a prior misdemeanor conviction *for which a sentence of confinement was served* or a prior felony conviction within a five-year period after completing the sentence or probationary period for such prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense, driving under the influence, or vehicular assault. T.C.A. § 40-15-105(a)(1)(B)(i)(a)-(c) (emphasis added). Such eligibility does not presumptively entitle a defendant to pretrial diversion, but rather places such a decision within the discretion of the district attorney so long as the defendant is statutorily qualified. *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999).

It is the defendant's duty to demonstrate suitability for pretrial diversion. *State v. Winsett*, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993). However, this requirement does not relieve the prosecutor of his or her duty to consider and articulate all the relevant factors. *Curry*, 988 S.W.2d at 157. The district attorney is required to consider all relevant factors when determining whether to grant pretrial diversion. *State v. Carr*, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). The Tennessee Supreme Court has outlined the criteria that should be considered by the prosecutor in granting or denying pretrial diversion:

When deciding whether to enter into a memorandum of understanding under the

---

District Attorney General's letter to Defense Counsel, which says that the Defendant served ten days. We merely note the discrepancy for future reference and continue with our analysis because it is not determinative for the issue raised.

2

pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

*State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983); *accord Curry*, 988 S.W.2d at 157.

Where pretrial diversion is denied by the district attorney, the factors and evidence considered in making the decision must be clearly set forth in writing along with the weight accorded to each factor. *State v. Pinkham*, 955 S.W.2d 956, 960 (Tenn. 1997); *Winsett*, 882 S.W.2d at 810. The factors must be "clearly articulable and stated in the record." *Hammersley*, 650 S.W.2d at 355. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. *See Curry*, 988 S.W.2d at 157-58.

A defendant who has been denied pretrial diversion by the district attorney has the right to petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion. T.C.A. § 40-15-105(b)(3). Although a district attorney's decision to grant or deny pretrial diversion is presumptively correct, a trial court may overrule a district attorney's denial of pretrial diversion where there has been an abuse of discretion *See Hammersley*, 650 S.W.2d at 356. The trial judge cannot simply substitute his or her own judgment for that of the district attorney. *State v. Watkins*, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980). To show prosecutorial abuse of discretion, the record must lack any substantial evidence to support the denial of pretrial diversion. *Curry*, 988 S.W.2d at 158.

The legislature vested the authority to prosecute a case or divert it with the prosecutor rather than the court. *See* T.C.A. § 40-15-105; *Carr*, 861 S.W.2d at 858. The trial court "must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion." *State v. Yancey*, 69 S.W.3d 553, 559 (Tenn. 2002). On appeal, this Court is "bound by the factual findings made by the trial court unless the evidence preponderates against them." *State v. Bell*, 69 S.W.3d 171, 177 (Tenn. 2002). An appellate court should apply the preponderance of the evidence standard of review of the trial court's decision regarding a prosecutor's abuse of discretion. *Curry*, 988 S.W.2d at 158. "When the facts are undisputed, the underlying issue that this [C]ourt must determine on appeal remains whether, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion." *State v. Carriger*, No. E2000-00823-CCA-R3-CD, 2000 WL 1861823, at *4 (Tenn. Crim. App., at Knoxville, Dec. 20, 2000), *no Tenn. R. App. P. 11 application filed*.

In its letter denying the Defendant's application for pretrial diversion, the prosecutor stated:

> I[t] appears that this defendant is not a "qualified defendant" for pretrial diversion. On her application she listed one prior arrest for domestic assault in Dyersburg City Court in 2004 on which she received a sentence of 11/29 suspended with counseling and Court costs. She does, however, have another arrest on February 24, 2006 in Dyersburg City Court for failure to appear in which she received a ten day sentence which she did serve. She also had an arrest in July, 2004 by the Dyer County Sheriff's Department for driving on a revoked or suspended license which she did not list.

The District Attorney General and the trial court both denied the Defendant's petition for pre-trial diversion because she had a period of confinement from February 2006. The dispute between the Defendant and the State is whether a sentence of "time served" counts as a "period of confinement." *See* T.C.A. § 40-15-105(a)(1)(B)(i)(b). The Tennessee Annotated Code does not define "confinement," so we turn to its plain language meaning. According to *Black's Law Dictionary*, "confinement" means an "act of imprisoning or restraining someone; the state of being imprisoned or restrained." 318 (8th ed. 2004). The Defendant spent at least one night in jail after being arrested pursuant to a warrant, and she was not released until she paid a bond. Upon the entry of the Defendant's guilty plea, the municipal court imposed a sentence of confinement equal in length to the time the Defendant spent in jail ("time served") before her guilty plea. We conclude that the Defendant's "time served" sentence was a period of confinement imposed by the municipal court for her misdemeanor conviction and served by the Defendant. Therefore, the Defendant had a prior misdemeanor conviction for which a sentence of confinement was served, and the Defendant was not statutorily qualified for pretrial diversion.

## III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

4