# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 2, 2010

## STATE OF TENNESSEE v. SHAWN MACKLIN

**Appeal from the Circuit Court for Lake County**
**No. 08-CR-9238      R. Lee Moore, Jr., Judge**

---

**No. W2009-01777-CCA-R9-CD  - Filed May 27, 2010**

---

The Defendant, Shawn Macklin, is charged with sale of less than one-half gram of cocaine, a Class C felony. He sought pretrial diversion, and the prosecutor denied his request. Upon consideration of the Defendant's petition for writ of certiorari, the trial court found that the prosecutor did not abuse his discretion in denying pretrial diversion. We granted this interlocutory appeal to consider whether the trial court properly denied the writ of certiorari by finding that the prosecutor did not abuse his discretion. We hold that the trial court erred in finding that the prosecutor acted within his discretion. We reverse the order of the trial court and remand the case with instructions that the prosecutor shall reconsider the Defendant's application for pretrial diversion in light of only the relevant factors.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Circuit Court Reversed; Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

James E. Lanier, District Public Defender, and H. Tod Taylor, Assistant Public Defender, for the appellant, Shawn Macklin.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Lance E. Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's charge relates to allegations he sold crack cocaine to an undercover officer. The Defendant's application for pretrial diversion reflects that the twenty-two-year-

old Defendant had completed high school and some college. The Defendant was not married, but he had two infant children for whom he was not current in paying child support. The Defendant was unemployed. He had one previous conviction for misdemeanor trespass.

The record also reflects that an assistant district attorney and defense counsel had informal discussions about pretrial diversion, after which defense counsel wrote the prosecutor a letter memorializing their discussions. The letter states, in pertinent part, "Per our previous conversations, you indicated that, although appearing eligible, you would not grant [the Defendant] pretrial diversion due to the nature of the charge, and more importantly, because he did not admit guilt in his diversion application."

The assistant district attorney general then wrote a letter to defense counsel in which he outlined the positive and negative factors that had been considered in denying the Defendant's request for pretrial diversion. The prosecutor noted the following factors favoring diversion: (1) the Defendant was a qualified candidate for diversion in that he had no previous convictions that disqualified him for consideration, (2) the Defendant had completed high school and had attended some college, (3) the Defendant had some work history, including times when he was in school, (4) the Defendant had legitimated his two children, (5) the Defendant had several character references, and (6) the Defendant was a lifelong resident of the county. The prosecutor then listed three factors that favored denying diversion: (1) the Defendant was involved in a criminal trespass incident approximately six months after the events which gave rise to the present case, (2) the Defendant had a poor work history, having quit a high-paying job and having been terminated from another for excessive absenteeism, and (3) the Defendant was not current in his child support obligations. The prosecutor also noted that despite the State's evidence that the Defendant sold crack cocaine to an undercover officer, which was recorded on video, the Defendant's application evinced his failure to accept responsibility for the offense because his recitation of the facts of the offense stated, "The State alleges that I sold a small amount of crack cocaine to an Agent Dood and a confidential informant." The prosecutor also noted that despite the Defendant's admission in his diversion application that he was under the influence of narcotics or drugs at the time of the offense, the Defendant had not obtained any treatment or counseling. The prosecutor noted, as well, that crack cocaine was "a pervasive and vexing problem" in the county. He stated that granting pretrial diversion would not further the interests of justice or provide sufficient deterrence to others. Finally, the assistant district attorney stated that prosecution of drug cases in which diversion is granted was frustrated when a defendant was unsuccessful on diversion and must then go to trial years later, when witnesses were difficult to locate. The prosecutor concluded that the negative factors outweighed the positive and denied diversion.

The Defendant then filed a petition for writ of certiorari. The trial court conducted a hearing, at which defense counsel argued that the prosecutor's initial verbal statement that

diversion would be denied based upon the nature of the offense and the Defendant's failure to admit guilt were contrary to caselaw. Defense counsel also argued that the additional reasons the assistant district attorney provided in the denial letter were pretextual. Defense counsel then addressed some of the reasons for denial that were stated in the letter. He said that the State claimed that the Defendant's work history was inadequate and that the Defendant had quit a high-paying job. He said, however, that the high-paying job had been in a slaughterhouse and that the Defendant quit because he was uncomfortable killing animals. Counsel also noted that the State based its diversion denial on the Defendant's statement that he was under the influence of drugs at the time of the offense because the Defendant had checked that box on the diversion application and noted, "See the nature of the offense," referring to the fact that the offense was for sale of drugs and not to personal use of drugs by the Defendant. Defense counsel also countered the State's assertion that diversion was not favored due to the passage of time between the offense and a trial following an unsuccessful diversion by noting that one of the confidential informants in the present case was a special agent who was in the State's control. The State argued that in reviewing the matter, the court should look at the prosecutor's letter, not the letter prepared by defense counsel after the initial conversation about diversion.

The trial court issued a written ruling outlining the history of the case, the contentions made by the parties, and the law applicable to a trial court's review of a prosecutor's decision to deny pretrial diversion. The court found:

> In this case, the State has weighed the factors and for the reasons cited herein and in the last paragraph of the denial letter of April 29, 2009, denied diversion. There is a significant crack cocaine problem in Lake County. The ends of justice may not be served from the public's standpoint in diverting. The defendant does not accept responsibility for his actions which may limit the possibility of rehabilitation. The Court does not feel that there is an abuse of discretion and the petition of the defendant for certiorari is denied.

The Defendant sought and obtained permission to pursue an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9.

On appeal, the Defendant argues that the assistant district attorney abused his discretion in denying diversion based upon the lack of an admission of guilt, and he claims that the other reasons stated in the prosecutor's letter were pretextual. The State responds that diversion was properly denied.

-3-

In order to be eligible for pretrial diversion, a defendant must not have been previously granted diversion; must not have a prior misdemeanor conviction in which the defendant served a sentence of confinement or a prior felony conviction within a five-year period after completing the sentence or probationary period for the prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense, driving under the influence, or vehicular assault. T.C.A. § 40-15-105(a)(1)(B)(i)(a)-(c). The decision to grant or deny an application for pretrial diversion is within the discretion of the prosecuting attorney. T.C.A. § 40-15-105; State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). In making this determination, the prosecutor should

> focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Curry, 988 S.W.2d at 157 (quoting State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). The prosecutor's response must be in writing, must list the evidence considered, and must point out any factual discrepancies between the evidence upon which the prosecutor relied and that presented in the defendant's application. Curry, 988 S.W.2d at 157. The response must discuss the factors considered by the prosecutor and the weight given to each factor. Id. The fact that a defendant has the burden of showing suitability for diversion does not relieve the prosecutor from the obligation to examine all of the relevant factors and to set forth the required findings. Id.

The decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent an abuse of discretion. Id. at 158; Hammersley, 650 S.W.2d at 356. In reviewing the prosecutor's denial of pretrial diversion, the trial court may consider only that evidence considered by the prosecutor. Curry, 988 S.W.2d at 158. In order to find an abuse of discretion, the trial court must conclude that the record lacks substantial evidence supporting the prosecutor's determination. Id. The trial court "must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion." State v. Yancey, 69 S.W.3d 553, 559 (Tenn. 2002). "On appeal, the appellate court is bound by

-4-

factual findings made by the trial court unless the evidence preponderates against them." State v. Bell, 69 S.W.3d 171, 177 (Tenn. 2002) (citing Curry, 988 S.W.2d at 158). If the facts are undisputed, the underlying issue for determination on appeal remains whether or not, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993). Moreover, "upon review of a denial or grant of pretrial diversion, the Court of Criminal Appeals is limited to considering only the evidence that was considered by the district attorney general." Yancey, 69 S.W.3d at 559-60.

The record reflects that the prosecutor outlined his consideration and balancing of the factors in his denial letter. However, the letter also notes that the prosecutor considered the Defendant's failure to admit guilt. An admission of guilt may not be a prerequisite to pretrial diversion. See, e.g., State v. Lane, 56 S.W.3d 20, 28 (Tenn. Crim. App. 2000). The prosecutor also noted the difficulties of delayed prosecution should the Defendant be unsuccessful in completing diversion. Although this is a valid practical concern in drug cases involving an undercover buy, our legislature has not included such cases in the lengthy list of crimes that are ineligible for pretrial diversion. See T.C.A. § 40-15-105(a)(1)(B)(i)(*c*). The prosecutor should not have categorically denied diversion to a type of case the legislature has made statutorily eligible for diversion. The prosecutor also denied diversion in part based upon the Defendant's failure to seek drug treatment. Admittedly, the Defendant's statement in the application about being under the influence of drugs at the time of the offense is ambiguous. However, defense counsel explained at the hearing that the Defendant had completed the application in this manner based on the advice of counsel and that the answer given by the Defendant was a reference to the offense being a drug transaction, rather than a statement that the Defendant was using drugs at the time of the offense. Although a trial court is limited to a review of the evidence that was before the prosecutor at the time of the prosecutor's denial of diversion, the trial court may conduct a hearing on disputed issues raised by the prosecutor or the Defendant. Yancey, 69 S.W.3d at 557; Curry, 988 S.W.2d at 157-58. Thus, in reviewing the prosecutor's denial, this court may consider the clarification offered by defense counsel at the certiorari hearing. The trial court found that the Defendant's failure to accept responsibility for the offense reflected negatively on the Defendant's prospects of rehabilitation, but the trial court failed to address counsel's explanation of the Defendant's statement about drugs in the application. Upon review, we conclude that the prosecutor abused his discretion in denying diversion by relying in part on irrelevant factors.

The question then becomes that of the proper remedy. The statute provides that upon a finding that the District Attorney has abused his discretion, the trial court "may" order the District Attorney to place the defendant on diversion. T.C.A. § 40-15-105(b)(3) (Supp. 2008). In this case, the prosecutor considered both the relevant factors, as well as irrelevant ones. Our supreme court has said that in this scenario "the trial court should . . . [reverse]

-5-

the prosecutor's decision and [remand] the matter of the defendant's diversion application for further consideration."  State v. McKim, 215 S.W.3d 781, 789 (Tenn. 2007).

Therefore, we reverse the order of the trial court and remand the case with instructions that the District Attorney shall reconsider the Defendant's application for pretrial diversion in light of only the relevant factors.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE