IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 21, 2005 Session

## STATE OF TENNESSEE v. ROBERT L. GIBSON

**Direct Appeal from the Criminal Court for Wilson County**
**No. 03-0792     J.O. Bond, Judge**

**No. M2005-00100-CCA-R9-CO - Filed October 7, 2005**

The Wilson County Grand Jury indicted the defendant, Robert Louis Gibson, on one count of sexual battery, a Class E felony. The defendant filed an application for pretrial diversion, which the prosecutor denied. On petition for writ of certiorari, the trial court affirmed the prosecutor's decision to deny pretrial diversion. In this interlocutory appeal, the defendant contends that the prosecutor abused his discretion in denying his application for pretrial diversion by improperly and unfairly weighing the factors used to determine whether diversion should be granted. Based upon our review, we affirm the order of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Order of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Frank Lannom and Melanie R. Bean, Lebanon, Tennessee, for the appellant, Robert Louis Gibson.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Robert N. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

At the time of the defendant's request for pretrial diversion, there were two indictments pending against him for sexual battery. The first charge, sexual battery by an authority figure, a non-divertable offense, arose during a divorce proceeding, the victim being the defendant's stepdaughter. The second charge of sexual battery arose subsequently and involved a thirteen-year-old friend of the defendant's stepdaughter. The application for pretrial diversion was made solely on the second divertable offense. In the application, the defendant maintained that the alleged offense never occurred.

The prosecutor denied the defendant's application for pretrial diversion. The denial stated the following:

The District Attorney General Fifteenth Judicial District, by and through the undersigned Assistant District Attorney, hereby denies the Defendant's application for pretrial diversion. In support of its decision, the State responds as follows:

## A.
### Evidence that the State would prove to the Court

The State will prove that that [sic] the crime of sexual battery, (T.C.A. §39-13-505(a)(2)), occurred on October 26, 2002 at 680 Shipper Road in Wilson County, Tennessee. The Defendant made sexual contact with [the] victim, [D.K.][1] The extent of the sexual contact was hugging, kissing her on the lips, chest[], and shoulders. The Defendant also humped her with his clothes on.

The State will also prove that the crime of sexual battery by an authority figure, (T.C.A. §39-13-527), occurred at the same address in the late winter or early spring of 2003 to victim [R.J.] This incident happened in an upstairs bedroom in the early morning. The victim's mother was not home and Defendant lay [sic] down on the victim's bed, beside the victim, and placed his penis on her leg. At the time of the offense, the State will show that the Defendant had supervisory or disciplinary power over the victim by being the stepfather of the victim and used such power to accomplish the sexual contact.

## B.
### Factors That Determine Whether the Defendant Will
### Be a Repeat Offender

The Defendant's age (DOB 04/05/1948) suggests that he would not be a repeat offender, however, there are two current charges against him. This type of crime is troubling in that it indicates multiple and recent incidents of sexual battery. This causes concern for his future conduct if he is placed in the position of trust with young girls to commit or attempt to commit sexual battery again.

## C.
### The Circumstances of the Offense

Same as paragraph A.

## D.
### The Criminal History of the Defendant

---

[1] It is the policy of this Court not to name the victim of a sexual crime, especially if the victim is a minor.

According to the Defendant's criminal record, the Defendant has been convicted of three crimes; possession of marijuana, in which he received a 30 day suspended sentence and a fifty dollar fine[;] selling of a controlled substance, in which he received eleven months and twenty-nine days, along with a thousand dollar fine[;] and a fraud charge.

## E.
## The Social History of the Defendant

It is apparent that the Defendant has not had a stable family life; he has been married four times since 1968. The Defendant has five children, one of those deceased and the four still living are adults. He is a graduate of Mt. Juliet High School. He holds an Associate Degree in Architectural Engineering and an Associate Degree in Mechanical Engineering, both from the University of Tennessee. The Defendant has lived in Wilson County, Tennessee for the last eighteen years and has been self-employed since 1974. There is no record of work related or social problems until this incident.

## F.
## The Mental and Physical Condition of the Defendant

The Defendant reports that he has had a mental evaluation. In September 2003, he was placed in McFarland Specialty Hospital with a depressive disorder due to a pending divorce and the allegations of the current case.

## G.
## Other Factors Favorable to the Defendant

There is no evidence that the Defendant has a drug or alcohol problem, the only counts were in 1974 and 1975, both nearly thirty years ago. This is also the first time that the Defendant has ever been accused of sexual battery or any incident related to a sexual crime.

## H.
## Defendant's [R]ecitation of the Facts

The Defendant in statements to Detective Barbara Long said that he did nothing wrong and that there was a lot of money in the divorce.

## I.
## Reasons for Denial

The State feels that there are five compelling reasons for denying the application for pre-trial diversion. (1) The seriousness of the crimes involved, and (2) the additional sexual abuse by an authority figure charge, a Class C felony, after the first incident, suggesting that the Defendant could repeat his behavior. (3) The Defendant has a previous history of criminal convictions. (4) The victim was particularly vulnerable because of her age (thirteen years of age). (5) The Defendant abused a position of private trust.

**J.**
**Discussion of Factors and Likelihood that Pre-trial Diversion**
**Will Serve the Ends of Justice and the Best Interests**
**of the Public and Defendant**

The law requires that the District Attorney General evaluate the diversion application and discuss the factors considered and weight accorded each. The State acknowledges that the Defendant has two previous criminal convictions none of which involved any sort of sexual misconduct. The defendant also has a fairly good work and educational history up to this point in time. These factors certainly are favorable to the Defendant. The question becomes "Do these factors outweigh the seriousness of the crime and will the ends of justice and the best interests of both the defendant and the public be served by granting pretrial diversion?" For a District Attorney General to deny pretrial diversion, he must clearly state factors that outweigh those in the Defendant's favor. If the District Attorney General cannot articulate those factors, he abuses his discretion. One of the latest Tennessee Supreme Court cases to discuss the duties of the District Attorney General in detail and discuss said factors is, *State v Bell*, 69 SW3d 171 (Tenn. 2002).

The State must take into account the issue of whether or not it is possible for the Defendant to be a repeat offender and the issue of whether or not the denial of pretrial diversion will deter future happenings, (*State v. Hammersley*, 650 S.W.2d 352 (Tenn. 1983)). In the current case, both of these incidents happened within a year of each other and this forces the issue that the Defendant could do this again. The facts of this case show that in conjunction with the first sexual battery charge, the Defendant has another charge, which is a Class C felony, and is not subject to pretrial diversion. These cases cannot be divided as the Defendant advocates, because of the seriousness of these crimes and closeness in time of the charges. It is clear that the interests of the public cannot be met if pretrial diversion is granted. This conduct cannot be treated lightly and if the State should grant diversion, it would not serve the ends of justice in the least. In fact, no justice will be done by placing this Defendant on diversion. The State avers that it must deny diversion in light of the facts and the law. Having responded, the District Attorney General respectfully denies the Defendant's application.

Following the prosecutor's denial of pretrial diversion, the defendant filed a petition for writ of certiorari with the trial court and filed a memorandum in support of his petition. At the certiorari hearing, the prosecutor supported denial of pretrial diversion based "on the totality of [the] reasons." After reviewing the prosecutor's denial for abuse of discretion, the trial judge admitted that he was not sure whether the State was correct in relying on the totality of the reasons, or circumstances. Consequently, the trial judge stated that he did not know whether the State abused its discretion, but nonetheless ruled with the State and denied the defendant's request for pretrial diversion. The defendant subsequently sought, and was granted, permission to take this interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

## ANALYSIS

To be eligible for pretrial diversion, a defendant must not have been previously granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and must not have been charged with a Class A felony, a Class B felony, certain Class C felonies, a sexual offense,[2] driving under the influence, or vehicular assault. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c). However, statutory qualification for pretrial diversion does not give rise to automatic entitlement. See State v. Bell, 69 S.W.3d 171, 176 (Tenn. 2002); State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). Rather, the decision to grant or deny pretrial diversion rests within the sound discretion of the prosecuting attorney. Bell, 69 S.W.3d at 176. When making a determination of eligibility for pretrial diversion, the prosecutor should focus on the defendant's amenability to correction. Id. In other words, the prosecutor should focus on any factors which accurately reflect the likelihood that a particular defendant will or will not become a repeat offender. Id. Among the factors the prosecutor should consider when making this decision are: (1) the likelihood that pretrial diversion will serve the ends of justice, as well as, both the defendant's and the public's interest; (2) the circumstances of the offense; and (3) the defendant's criminal record, social history, and physical and mental condition where appropriate. See id. (citing State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)).

Although it is the defendant's responsibility to demonstrate suitability for pretrial diversion, the prosecutor is not relieved from the obligation to examine and consider all relevant factors. Id. at 177. In fact, when denying pretrial diversion the prosecutor must discuss in writing all relevant factors considered and the weight attributed to each factor. Id.; Curry, 988 S.W.2d at 157. Moreover, the prosecutor's written denial statement must identify any factual discrepancies between the evidence relied upon by the prosecutor and the evidence presented by the defendant. Curry, 988 S.W.2d at 157. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See id.

---

[2] Sexual battery is not included as a "sexual offense" for which the defendant would be statutorily disqualified from seeking pretrial diversion. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(ii)(a)-(I).

If the defendant's application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3). However, the decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent abuse of discretion. Curry, 988 S.W.2d at 158. When reviewing for abuse of discretion, the trial court must consider only the evidence considered by the prosecutor. Id. The trial court may not re-weigh the evidence or substitute its view for that of the prosecutor. State v. Yancey, 69 S.W.3d 553, 559 (Tenn. 2002). A certiorari review by the trial court requires a review of the method used by the prosecutor, but not the intrinsic correctness of the prosecutor's denial decision. See id. at 558-59.

In evaluating whether there has been an abuse of discretion, the trial court must determine whether the prosecutor has weighed and considered all of the relevant factors or whether the prosecutor reached a decision not supported by substantial evidence in the record. Bell, 69 S.W.3d at 179; see also Yancey, 69 S.W.3d at 559. The trial court cannot reasonably conclude that there exists substantial evidence supporting the prosecutor's decision if the prosecutor failed to consider all of the relevant factors and their relative weight. Bell, 69 S.W.3d at 179. Moreover, the prosecutor's "failure to consider all relevant factors, including evidence favorable to the defendant, cannot be cured by the trial court's review." Id. The record as a whole cannot support the prosecutor's denial of diversion if the prosecutor failed to consider and weigh all of the relevant factors including evidence favorable to the defendant. Id. at 178. The trial court may conduct a hearing, but only to resolve any factual disputes raised by the prosecutor or the defendant. Curry, 988 S.W.2d at 158. The trial court may not discuss new or additional considerations regarding the denial of diversion, or "fill-in the gaps" absent appropriate findings by the prosecutor. Yancey, 69 S.W.3d at 559; Curry, 988 S.W.2d at 158. "On appeal, the appellate court is bound by factual findings made by the trial court unless the evidence preponderates against them." Bell, 69 S.W.3d at 177. In other words, appellate review is limited to considering only the evidence considered by the prosecutor. See Yancey, 69 S.W.3d at 559-60.

On appeal, the defendant argues that the trial court erred in finding that the prosecutor did not abuse his discretion in denying him pretrial diversion because the substantive evidence did not support the prosecutor's decision. Specifically, the defendant argues that the prosecutor should not have given the following factors controlling weight: (a) the seriousness of the crime involved; (b) the additional charge of sexual abuse; (c) the defendant's depressive disorder; and (d) the defendant's previous criminal history.

The defendant first argues that the prosecutor improperly relied on the seriousness of the offense in denying pretrial diversion. We note that as part of the circumstances of the offense, the seriousness of the offense may be considered as a factor in determining whether pretrial diversion is appropriate. State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988); see also Hammersley, 650 S.W.2d at 355. However, we have held that the circumstances of the offense may not be given controlling weight in considering a petition for pretrial diversion, unless the circumstances significantly outweigh all other factors. Markham, 755 S.W.2d at 853. "Denial of diversion based only on the essential elements of a crime, without judicially weighing all relevant

factors, effectively excludes persons charged with that crime from consideration for pretrial diversion," a legislative prerogative. Id. In the present case, although the prosecutor has presented no evidence that the sexual battery in question was especially violent, appalling, flagrant, offensive, or otherwise of a significant degree in comparison with other sexual batteries, the fact that a similar offense is alleged to have occurred against the defendant's stepdaughter, paired with the young age of both victims, bears on the issue of the defendant's amenability to correction. Additionally, there is nothing in the record to indicate that the prosecutor denied the defendant's application based solely on the circumstances of the offense. Therefore, we conclude that the prosecutor properly considered and weighed the seriousness of the offense in reviewing the defendant's pretrial diversion application.

The defendant also argues that the prosecutor erroneously placed controlling weight on the additional indictment, charging the defendant with sexual battery by an authority figure. Our supreme court has indicated that the presence of an additional indictment against a defendant for a non-divertable offense does not abrogate the defendant's eligibility for pretrial diversion on a divertable offense. See State v. Washington, 866 S.W.2d 950, 951-52 (Tenn. 1993). However, we do not read Washington to prevent consideration of the circumstances of the ineligible offense in determining whether pretrial diversion is appropriate. We also note that the felonies involved in the case at hand are more serious than the misdemeanors involved in Washington. Accordingly, we conclude that the prosecutor acted within his discretion when considering the additional charge of sexual battery by an authority figure in determining whether to grant or deny pretrial diversion.

Next, the defendant argues that the prosecutor applied the defendant's previous treatment for depression against him. We have held that "a person diagnosed with depression, a widespread illness triggered by an event or genetics, should not be penalized for having the illness." State v. William David Marks, No. M2001-0197-CCA-R9-CO, 2002 WL 970451, at *5 (Tenn. Crim. App., at Nashville, May 10, 2002). Although the prosecutor did note that the defendant reported having a depressive disorder, we fail to see any indication that the prosecutor considered the defendant's depression against him when determining his eligibility for pretrial diversion. In fact, the prosecutor stated on the record that "the reasons for denial do not have anything to do with [the defendant's] mental condition." Accordingly, we conclude the prosecutor did not improperly consider the defendant's history of depression.

The defendant lastly argues that the prosecutor should not have taken into account his prior criminal history. This argument is unpersuasive. The prosecutor may take into account the defendant's criminal record as one of the factors in determining whether the defendant is amenable to correction. Hammersley, 650 S.W.2d at 355. In this case, the prosecutor noted the defendant's previous history of criminal convictions as a reason for denial of pretrial diversion. These previous criminal convictions, although occurring almost thirty years prior to the offense at hand and not involving sexual misconduct, are still part of the defendant's criminal record. Although the pretrial diversion statute states that a defendant is qualified for pretrial diversion if he or she "does not have a prior misdemeanor conviction for which a sentence of confinement is served or . . . felony conviction within a five-year period after completing the sentence or probationary program for such

-7-

prior conviction[,]" the statute does not imply that a qualified defendant's criminal record cannot be weighed as one of the factors in determining eligibility for pretrial diversion. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(b). Thus, it was not an abuse of discretion for the prosecutor to consider the defendant's criminal record.

In addition to examining and considering all relevant factors in determining whether to grant or deny pretrial diversion, our supreme court has also made it clear that the prosecutor must discuss the weight attributed to each factor. We acknowledge that the prosecutor has discretion in deciding what weight to give each factor, but he must state his reasons on the record to avoid abuse of discretion. In this case, the prosecutor's extensive response denying pretrial diversion reveals that he not only considered, but also weighed, all the relevant factors under Hammersley. In fact, the prosecutor found many factors in favor of diversion, but ultimately concluded in the weighing process that five factors militated against granting diversion. Accordingly, we conclude the prosecutor did not abuse his discretion in denying the defendant's request for pretrial diversion.

## CONCLUSION

For these reasons, we affirm the order of the trial court.

_____
J.C. McLIN, JUDGE